KANSAS CITY SOUTHERN R. CO. et al. v. ADAIR COUNTY.

No. 30542. June 9, 1942.

*126 P. 2d 714.*

Joseph R. Brown, of Ft. Smith, Ark., and M. K. Cruce, of Oklahoma City, for plaintiffs in error.

H. T. Williams, County Atty., of Stilwell (Roy Frye and Amelia Patterson, both of Sallisaw, of counsel), for defendant in error.

WELCH, C. J. The trial court allowed funding of certain judgment indebtedness of defendant in error. Remonstrants taxpayers appeal and urge that certain acts constitute fraud sufficient to invalidate the bond issue.

Material facts are that a certain public accountant had several times previously (done auditing work for Adair county and had at other times done similar work for the State Examiner and Inspector, by reason whereof he became possessed of knowledge of the judgment indebtedness involved.

On January 6, 1941, this auditor addressed a communication to the county commissioners wherein he referred to their proposed funding bond issue, and proposed to buy same at an interest rate of 4¼%. He therein also proposed to furnish all necessary forms and to do all necessary work to complete the funding at no charge to the county and to provide legal aid if desired by the county. This communication did not specifically recite whether the proponent represented the judgment holders. This communication was on the same date indorsed "approved" by the board of county commissioners.

There appears a letter of January 8, 1941, which is confirmatory of an agreement of assignment of the contract to take or purchase the bonds, addressed by R. J. Edwards, Inc., which letter is indorsed as "understood and accepted" by the auditor.

There also appears an "agreement" undated, between the board of county commissioners, acting for the county, and J. E. Piersol Bond Company, acting for the auditor, "duly authorized by holders of judgments herein described."

It provides:

"That said judgments hereinafter described be funded according to law, which indebtedness with interest thereon as provided therein computed to March 15, 1941, amounts in the aggregate to the sum of $8,622.16; and said holders hereby arrange with and agree with said county to exchange the indebtedness herein referred to for funding bonds of said county when same have been legally issued and approved, bonds to be nine in number of the denomination of $1,000 each (except No. 9 shall be for $622.16); shall be dated March 15, 1941 and become due and payable $1,000 on March 15th in each of the years 1944 through 1951 and $622.16 due March 15th 1952; said bonds to bear interest at the rate of four and one-quarter per cent (4¼%) per annum from the date thereof until paid; said exchange to be on a par for par basis.

"J. E. McCuistion,
Chairman, Board of County Commissioners acting for and on behalf of Adair County.

"J. E. Piersol Bond Company By James A. Dunn."

(Seal)

"Attest:
"Sam J. Starr, Jr.
County Clerk."

There also appears an "assignment" dated January 11, 1941, of the "funding bond contract" to another person.

The trial court found:

"That said county has entered into an agreement with the owners and holders of said judgments for the funding and paying the same by the issuance of the negotiable coupon bonds of said county at not less than par and accrued interest."

The court, after signing the bonds, ordered that same be delivered ". . . to the clerk of said court to be by him delivered to the treasurer of said county after the time for taking appeal has expired if no appeal be taken, the said treasurer to have said bonds endorsed, registered and approved as required by law and to deliver the same to the owners and holders of said judgments funded thereby upon the surrender and cancellation of said judgments."

The trial court did not particularize the person or persons to whom the bonds were to be delivered. It is of no importance to the remonstrants taxpayers

to whom the bonds are delivered. Their interests are fully protected when the court's order is fully carried out. If it be said that there is a showing of fraud as between the auditor and his various purported assignees, we are unable to see wherein the rights of the county or the taxpayers have been, or might be, affected thereby.

The municipality is authorized to issue funding bonds in exchange and upon cancellation of such judgments. Application of Board of Education of City of Ardmore, 173 Okla. 296, 49 P. 2d 122. The present judgment accomplishes that result. The collateral issue of alleged fraud between various persons, who might be in disagreement as to who is entitled to receive the bonds, cannot result in denying the authority of the county to issue same, under the facts and proceedings here.

It is further urged that: "the bond issue is invalid because Piersol Bond Company, the purchaser, prepared the proceedings." Chapter 22, section 3, S. L. 1927, 62 O. S. 1941 § 355, and Joint School District No. 32 v. Dabney, 127 Okla. 234, 260 P. 486, are cited in support thereof. It is asserted that Piersol, as assignee of the auditor, assumed his obligations and agreement with the board of county commissioners; that Piersol did prepare the bond proceedings and bought the bonds. Assuming, without deciding, the correctness of these assertions, we do not observe any infraction of law. We are not here concerned with bonds which are issued and sold by the municipality upon bids, but with funding bonds which are issued and delivered at par in lieu of or in exchange for valid judgments outstanding against the municipality.

It is next contended that: "the attempted sale to Piersol Bond Company was void as a matter of law." The theory of this contention seems to be that Piersol has purchased the bonds and that the purchase was predicated upon the contract of the auditor. It then asserts that under authority of Honnold v. Board of Com'rs of Carter County,

71 Okla. 71, 177 P. 71, such a contract could not have been lawfully entered into. The distinction is apparent. In the Honnold Case the contract was attempted to be made with one not an owner or representative of the holder of the indebtedness. The present case indicates that the auditor represents the holders of the judgments, and such authority has not been questioned. We must assume that the treasurer will deliver the bonds only to those fully empowered to release the judgments, as directed by the present judgment of the trial court.

The contention that the auditor was acting in a fiduciary capacity for the county in this transaction is not supported by the evidence.

The judgment is affirmed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. OSBORN and DAVISON, JJ., absent.